IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ANTONIO STAMPS<br>6509 W. Jefferson St., Apt. 2B<br>Philadelphia, PA 19151<br><br>      Plaintiff,<br>v.<br><br>AMBULNZ HOLDINGS, LLC d/b/a<br>AMBULNZ<br>380 Oxford Valley Road<br>Langhorne, PA 19047<br><br>      and<br><br>AMBULNZ PA, LLC d/b/a DocGo<br>154 Hansen Access Road<br>King of Prussia, PA 19406<br><br>      Defendants. | CIVIL ACTION<br><br><br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Antonio Stamps ("Plaintiff") against Ambulnz Holdings, LLC d/b/a Ambulnz and Ambulnz PA, LLC d/b/a DocGo (collectively "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000d *et. seq.*), 42 U.S.C. § 1981 ("Section 1981"), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted. Any claims under the PHRA would mirror the instant Title VII claims.

**JURISDICTION AND VENUE**

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims set forth herein.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district; and in addition, Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residenta of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under Title VII after he properly exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual residing at an address as set forth in the caption.

8. Defendant Ambulnz Holdings, LLC d/b/a Ambulnz is a tech-enabled medical transportation, telehealth, and mobile heart service that operates nationwide, including in Pennsylvania, with a place of business at the above-captioned address.

9. Defendant Ambulnz PA, LLC d/b/a DocGo is a tech-enabled medical transportation, telehealth, and mobile heart service that operates in Pennsylvania with a place of business at the above-captioned address.

10. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in that they may be treated as a single and/or joint employer for purposes of this action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is an African American male.

14. On or about February 1, 2023, Defendants hired Plaintiff as a Dispatcher out of their 601 Walnut Street, Philadelphia, PA 19106 location.

15. Throughout his employment, Plaintiff was a dedicated and hard-working employee who performed his job duties well.

16. At the relevant time period, Plaintiff was supervised by Manager, Christopher Bowser ("Bowser" - Caucasian), Shift Supervisor, Edward Ross ("Ross" - Caucasian), and Director, Brendan (last name unknown – Caucasian).

17. In or about October 2023, Plaintiff overheard Dispatcher, Karen Ford ("Ford" – Caucasian) make homophobic and discriminatory comments about another employee of Defendants, saying "What the fuck is taking him so long? He is probably sucking cock, fucking faggot."

18. Additionally, in a different exchange around the same time, Plaintiff overheard Ford make racist and discriminatory comment about African Americans while watching a news report on store thefts, commenting "Target is going out of business because black people feel entitled to take things that doesn't belong to them."

19. Based on Plaintiff's interactions and observations with Ford, she was, by all objective accounts, openly discriminatory towards homosexuals and African Americans.

20. In response to hearing these discriminatory comments, Plaintiff complained to Ross and requested that he no longer work with Ford.

21. Despite complaining, and despite Ross overhearing Ford's discriminatory comments himself, Ford was not disciplined and Plaintiff was forced to continue working alongside Ford.

22. In or about June 2024, Plaintiff complained to Brendan about Ford's homophobic, racist, and discriminatory conduct that had persisted since October 2023, and also referenced her explicit comments in October 2023.

23. Rather than properly address Plaintiff's legitimate concerns and complaint of discrimination, Brendan issued a Plaintiff a corrective action allegedly for attendance for a date in or about January 2024, approximately six months prior.

24. It was clear to Plaintiff from Ross' and Brendan's responses to his complaints of discrimination that Defendants were not going to properly address his concerns in any meaningful way.

25. Approximately four months later, on or about October 5, 2024, Plaintiff completed an anti-harassment training seminar provided by Defendants, and as part of the training, completed a compliance survey where each employee was to report and document if they had ever experienced any unethical, discriminatory, or illegal behavior.

26. Plaintiff completed the compliance survey honestly, and reported the discriminatory conduct of Ford and his subsequent complaint to Ross as referenced *supra*.

27. On or about October 10, 2024, Plaintiff was contacted by Samantha Dixon ("Dixon" – Caucasian), Defendants' Human Resources ("HR") Representative, about his compliance survey submission and complaint.

28. During his discussion with Dixon, Plaintiff reiterated what Ford said in or about October 2023, how he objected to her homophobic and racist comments, how he had complained to Ross initially and Brendan later about Ford's discriminatory conduct, how Ross did nothing to rectify Plaintiff's concerns of discrimination, how Brendan issued him discipline for complaining, and how Plaintiff wanted Ford disciplined for her discriminatory conduct.

29. Two weeks later, on or about October 25, 2024, Dixon contacted Plaintiff again about his complaint and questioned why he had decided to complain again about Ford a year after her initial discriminatory comments.

5

30. Plaintiff advised Dixon that he complained again because he wanted to answer the compliance survey honestly as Defendants required him to do as part of their anti-harassment training seminar.

31. **Only four days later**, on or about October 29, 2024, Defendant suspended Plaintiff.

32. When Plaintiff asked Bowser why he was suspended, he was not provided any information.

33. On or about November 13, 2024, and while still on suspension, Dixon called Plaintiff and informed him he was terminated.

34. The following day, on or about November 14, 2024, Plaintiff received a termination notice allegedly for "leaving work early, interfering with work duties, and poor work performance."

35. The reason for termination is clearly pretextual considering: (1) the timing of Plaintiff's termination only four days after last complaining about discrimination; (2) Plaintiff was never issued corrective action previously related to his performance; (3) Plaintiff was never previously disciplined for allegedly leaving work early; (4) Plaintiff never "interfered" with any other employee's work duties; and (5) Plaintiff received a performance based raise as recently as August 2024.

36. Plaintiff therefore asserts that he was really terminated for complaining of discrimination in violation of Title VII, Section 1981, and mirroring state laws.

## COUNT I
### Violations of Title VII
### (Retaliation)

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Prior to his pretextual termination, Plaintiff complained race discrimination to Defendants' management and HR and was subjected to corrective action and increased animosity regarding same, until he was ultimately terminated only four days after his latest complaint.

39. Plaintiff believes and therefore avers that he was terminated in retaliation for engaging in protected activity (opposing discriminatory conduct) under Title VII.

40. Defendants' actions as aforesaid constitute violations of Title VII.

## COUNT II
### Violations of Title VII
### (Retaliation)

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Prior to his pretextual termination, Plaintiff complained of sex orientation discrimination to Defendants' management and HR and was subjected to corrective action and increased animosity regarding same, until he was ultimately terminated only four days after his latest complaint.

43. Plaintiff believes and therefore avers that he was terminated in retaliation for engaging in protected activity (opposing discriminatory conduct) under Title VII.

44. Defendants' actions as aforesaid constitute violations of Title VII.

## COUNT III
### Violations of 42. U.S.C. § 1981
**(Retaliation)**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff reasserts each and every allegation from Count I of this Complaint as the same constitute identical violations under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendants until the date of verdict;

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.	Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.	Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
(215) 639-0801

Dated: February 23, 2026

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Antonio Stamps | : | CIVIL ACTION |
| v. | : | |
| Ambulnz Holdings, LLC d/b/a Ambulnz, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x)

| 2/23/2026 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STAMPS, ANTONIO

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
AMBULNZ HOLDINGS, LLC D/B/A AMBULNZ, ET AL.

County of Residence of First Listed Defendant: **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** |  | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** |  | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/23/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____